# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**QUARRY SERVICES, LLC,**<br><br>    Debtors.<br><br>**Quarry Services, LLC,**<br>**Movant(s),**<br><br>vs<br><br>**Synovus Bank,**<br>**Respondent(s).** | CHAPTER 11<br><br>CASE NO.  19-20103<br><br>**Contested Matter** |

## EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

COMES NOW, Quarry Services, LLC (the "Debtor(s)"), pursuant to Section 363 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 363 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and files this Emergency Motion for Entry of an Interim Order Authorizing Use of Cash Collateral ("Motion"). In support of the Motion, the Debtor(s) show the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Motion is based on Sections §§ 105, 361, 363, and 364 of the Bankruptcy Code Bankruptcy Rule 4001(b).

### Background

3. On January 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is a Georgia-based company that provides drilling and mining services to quarries throughout the Southeast. (the "Business").

5. Upon information and belief, Synovus Bank ("Synovus"), asserts a first priority security interest in all accounts receivable.

6. In order to effectively reorganize, Debtor must have access to cash to pay the operating expenses of the Business. If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, including insurance, wages, and property taxes, the Business will be irrevocably harmed.

## Relief Requested

7. The Debtor, after conducting an interim hearing on the Motion, seeks the entry of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b): (a) authorizing the Debtor to use cash collateral pursuant to the proposed budget attached to this Motion (the "Budget"); and (b) scheduling a final hearing on the Motion. In accordance with Bankruptcy Rule 4001, the following are the Debtors proposed terms for the use of cash collateral:

(a) Purpose. Cash collateral will be used to pay operating expenses of the Business, including, but not limited to, the insurance and property taxes.

(b) <u>Use of Cash Collateral</u>.  Cash collateral will be used only pursuant to the terms of the Budget during the period following entry of the Interim Order until the earlier of: (i) 45 days following entry of the Interim Order; (ii) conversion of the case to Chapter 7 or dismissal of the case; or (iii) the Debtors' violation of the terms of the Interim Order, including failure to comply with the Budget.

(c) <u>Adequate Protection</u>.  As adequate protection for the cash collateral expended pursuant to the Interim Order, Synovus shall be given a replacement lien on all tangible and intangible personal property, including but not limited to, goods, fixtures, chattel paper, documents, equipment, instruments and inventory wherever located belonging to Debtor, to the extent and validity of those liens that existed pre-petition. Cash collateral will only be used for items set forth in a budget to be approved by the Court.  A copy of the Budget is attached hereto as <u>Exhibit A</u>.

## Basis for Relief Requested

9. The Debtor's use of the cash collateral is essential to the continuing operation of the Business and for an effective reorganization.  If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, the going concern value of the Business will be significantly harmed and the estate and creditors will be negatively affected. The Debtor does not propose to use cash collateral to pay any creditors any amounts due and owing pre-petition.

10. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale or lease.  Section 363(e) provides that the Court shall condition such use of cash collateral as is necessary to provide adequate protection of such interests. Section

363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection.

11. The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed budget attached hereto as Exhibit A. In accordance with Section 363(e), the proposed Interim Order provides that adequate protection will be provided to the First Priority Lender to the extent of any diminution in value of its pre-petition collateral through replacement liens.

**Request for Immediate and Emergency Interim Relief**

12. Pending the Final Hearing, the Debtor requires immediate use of cash collateral to meet its obligations. It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing. Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses. Accordingly, if interim relief is not granted, the Debtor's assets will be immediately and irreparably jeopardized to the detriment of the Debtor, the estate, creditors, and other parties in interest.

13. The Debtor requests the Court to schedule an Interim Hearing as soon as practicable to consider the Debtor's request for use of cash collateral. Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 15 day period following the filing of a motion for use of cash collateral in such amounts as is necessary to avoid irreparable harm to the estate pending a final hearing. In considering requests for interim relief courts apply the same business judgment standard applicable to other business decisions.

14. For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interest of the estate.

## Notice

15. Notice of this Motion has been provided to the Office of the United States Trustee, Synovus, and any other creditors who may have an interest in the Cash Collateral. In light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

**WHEREFORE**, the Debtor requests that this Court enter an order granting interim use of cash collateral consistent with this Motion; and grant the Debtor such other and further relief as is just and proper.

Dated: January 22, 2019

*/s/ Will B. Geer*
Georgia State Bar No. 940493
Wiggam & Geer, LLC
50 Hurt Plaza, SE, Suite 1245
Atlanta, Georgia 30303
T: (678) 587-8740
F: (404) 287-2767

## CERTIFICATE OF SERVICE

This is to certify that on this date I served a true and correct copy of the within and foregoing Emergency Motion For Entry Of An Interim Order Authorizing Use of Cash Collateral upon the following parties by overnight mail, facsimile transmission, or electronic mail:

    Office of the U.S. Trustee
    362 Richard B. Russell Building
    75 Ted Turner Drive, SW
    Atlanta, Georgia 30303
    USTP.Region21@usdoj.gov
    ustpregion21.at.ecf@usdoj.gov

Dated: January 22, 2019

    */s/ Will B. Geer*
    Georgia State Bar No. 940493
    Wiggam & Geer, LLC
    50 Hurt Plaza, SE, Suite 1245
    Atlanta, Georgia 30303
    T: (678) 587-8740
    F: (404) 287-2767

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **QUARRY SERVICES, LLC,** | **CASE NO. 19-** |
| Debtor. | **Contested Matter** |
| **Quarry Services, LLC,** Movant(s), | |
| vs | |
| **Synovus Bank,** Respondent(s). | |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL**

On January 22, 2019, Quarry Services, LLC (the "Debtor") filed a Motion for Entry of An Order Authorizing Use of Cash Collateral (the "Motion") [Doc. No. 3]. The Motion seeks the entry of an Interim Order (the "Interim Order") authorizing the use of Cash Collateral (as defined below) on a preliminary basis for the period commencing as of the date of

the bankruptcy filing through the time of the final hearing on Cash Collateral. Synovus ("Synovus") asserts a security interest in, and lien against, among other assets of the Debtor, the accounts, income, revenue and profits (i.e., rents) generated by the Debtor's business (the "Cash Collateral").

A hearing on the Motion was held on _____, 2019 (the "Interim Hearing"). At the Interim Hearing, Will B. Geer appeared on behalf of the Debtor and _____ appeared on behalf of Synovus. _____ appeared on behalf of the U.S. Trustee.

Based upon the Debtor's proffer at the Interim Hearing on the Motion, the Debtor's use of Cash Collateral on an interim basis in accordance with the terms and conditions set forth herein appears to be in the best interest of the estate and its creditors; accordingly, it is hereby ORDERED that:

1. For as long as the Debtor faithfully performs its obligations under this Order, the Debtor shall have the right to use the Cash Collateral, subject to the terms of this Order, until 11:59 p.m. on the date of the next Interim Hearing or as otherwise extended by Order of this Court.

2. The Debtor is authorized to use the Cash Collateral in accordance with the Budget, attached hereto as Exhibit "A" (the line items of which the Debtor may modify by no more than ten percent (10%) without authorization of Synovus or this Court), and for payment of U.S. Trustee fees or for other matters pursuant to orders entered by this Court after appropriate notice and hearing, except that Debtor shall pay the actual amount owed for insurance payments and payroll. The Debtor may not use line item budgeted amounts on a cumulative basis.

3. Because SYNOVUS may have an interest in revenue and profits which may constitute cash collateral within the meaning of 11 U.S.C. §§ 363 and 552(b), which the Debtor

will use in accordance with this Interim Order, SYNOVUS shall be granted adequate protection as follows:

    (a)    <u>Lien on Post-Petition Collateral.</u>  Pursuant to 11 U.S.C. §§ 361, 363, and 552(b), as partial adequate protection for SYNOVUS's interest in the Cash Collateral, to the extent the Debtor uses the Cash Collateral, SYNOVUS is granted a valid, attached, choate, enforceable, perfected and continuing security interest in, and liens upon, all post-petition assets of the Debtor of the same character, type, to the same nature, extent and validity as the liens and encumbrances of SYNOVUS attached to the Debtor's assets pre-petition (the "Post-Petition Collateral"). SYNOVUS's security interest in, and liens upon, the Post-Petition Collateral shall have the same validity as existed between SYNOVUS, the Debtor and all other creditors or claimants against the Debtor's estate on the Petition Date.  With respect to the post-petition liens and security interests granted by this Order, SYNOVUS may, but need not, take such steps as it deems desirable and applicable to comply with such Statutes.  All financing statements and other documents that have been filed listing the Debtor as borrower and SYNOVUS as lender shall be deemed to have been filed, and the post-petition liens and security interest granted herein shall be deemed to have been perfected, on the Petition Date.  The liens on Post-Petition Collateral are granted as adequate protection against i) any

        diminution in the value of any liens and security interests of SYNOVUS in any property of the Debtor (including, without limitation, the Pre-Petition Collateral) resulting from the imposition of the automatic stay; or ii) any use, sale, consumption or other disposition of such property (whether pursuant to this or any other order of the Court or the Bankruptcy Code). The lien on Post-Petition Collateral shall not extend to the proceeds of any avoidance actions received by Debtor or the estate pursuant to sections 544, 547, 548, 549, or 550 of the Bankruptcy Code.

(b)    <u>Record Access</u>. Debtor is directed to provide SYNOVUS with reasonable access to the Debtor's books and records to the extent allowed under the pre-petition loan documents entered into by the parties. The Debtor is further directed, within five (5) day from the entry of this Order, to provide certificates evidencing insurance coverage including, without limitation, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the business in which the Debtor is engaged, naming SYNOVUS as loss payee with respect to the location of the Debtor, to the extent provided under the pre-petition loan documents. The Debtor shall provide SYNOVUS with proof of all such coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

    (c) <u>Collateral Inspection</u>. SYNOVUS is entitled to review and inspect its collateral at any time upon written notice to the Debtor of the date, location and time of the planned inspection and the Debtor is directed to cooperate with same.

  4. This Order is without prejudice to SYNOVUS's rights, including, but not limited to, its right to dispute at any time the Debtor's use of the Cash Collateral, seek relief from the stay or dismissal of this Case, or contest the nature, extent, validity or priority of any lien or security interest. Theentry of this Order is not to be interpreted as an agreement by SYNOVUS to support or accept the filing of the Debtor's bankruptcy petition, any plan of reorganization or disposal of assets under Section 363 of the Bankruptcy Code, or any other proposed treatment of SYNOVUS's asserted claim(s).

  5. This Order is entered without prejudice to the rights of SYNOVUS or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, other applicable law or applicable loan documents.

  6. This Order is also entered without prejudice to the claims, rights, and actions that: (A) the Debtor may have to challenge the nature, validity, or extent of the liens, security interests or debts asserted by SYNOVUS; and (B) Respondent may assert in any action by the Debtor to challenge the nature, validity, or extent of the liens, security interests or debts it may assert.

  7. Notwithstanding anything herein to the contrary, the lien on Post-Petition Collateral granted to SYNOVUS hereunder in connection with the use of any of the assets of the Debtor and cash collateral shall be subject and junior to the fees of the Office of the United States Trustee pursuant to 28 U.S.C. § 1930.

8.  This Order is without prejudice to the rights of creditors, any creditor committee, and any subsequent trustee.

9.  Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately upon its entry.

10.

11.  <u>Second Interim Hearing</u>. This Court shall conduct a second interim hearing on the Motion (the "<u>Second Hearing</u>") **on the _____ day of _____, 2019 at _____ _.m. in Courtroom _____, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia** at which time any party in interest who timely objects to the relief requested in the Motion may appear and state its objection(s) to the terms of this Order and the relief requested.

**END OF DOCUMENT**

Prepared and presented by:

/s/ Will B. Geer_____
Will B. Geer
Georgia Bar No. 940493
WIGGAM & GEER, LLC
50 Hurt Plaza, SE, Suite 1245
Atlanta, Georgia 30303
(678) 587-8740 – Telephone
(404) 287-2767 – Facsimile
wgeer@wiggamgeer.com
Attorneys for the Debtor

Consented to by:


No opposition by:

_____/s/_____ (with express permission)
Georgia Bar No. _____
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Federal Building

75 Ted Turner Drive, S.W.
Atlanta, GA 30303-3367
404.331.4437

Exhibit "A" Budget

| | |
|---|---|
| **Expected Revenue for 1/22 – 2/5** | $160,000.00 |
| **Expense** | |
| **Payroll** | $15,828.29 |
| **Truck Fuel** | $6,600.00 |
| **Tractor Trailer Fuel** | $1,350.00 |
| **Hotels** | $2,790.00 |
| **Parts** | $15,400.00 |
| **Supplies** | $42,248.22 |
| **Drill Moves** | $2,550.00 |
| **Epiroc Drill 0194** | $10,524.00 |
| **Truck Maintenance** | $500.00 |
| **Prudential Life** | $1,160.55 |
| **GL Insurance and Property Ins.** | $10,583.00 |
| **Humana (Pre-Petition)** | $9,422.45 |
| **Verizon** | $2,300.12 |
| **Employee Apartment + Utilities** | $1,250.00 |
| **Kenworth Tractor Ad Valorem Tax** | $500.00 |
| **CobbEMC** | $200.00 |
| **Comcast** | $ - |
| **Scana** | $ - |
| **ADT** | $ - |
| **City of Jasper Water** | $ - |
| **Ellijay Telephone Company** | $354.48 |
| **Georgia Power** | $ - |
| **Gas Inc** | $ - |
| **Office Expenses** | $150.00 |
| **Jotform Data Collection Software** | $39.00 |
| **Tsheets Payroll Software** | $115.00 |
| **Total** | $123,865.11 |

Distribution List

Will Geer

Wiggam & Geer, LLC

50 Hurt Plaza, SE, Suite 1245

Atlanta, Georgia 30303


Office of the U.S. Trustee

362 Richard B. Russell Building

75 Ted Turner Drive, SW

Atlanta, Georgia 30303