**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | Jointly Administered Under |
| Quarry Services, LLC, | ) | |
| Confinement Management Systems, LLC, | ) | CASE NO. 19-20103-jrs |
| and Mining Solutions, LLC. | ) | |
| | ) | |
| ⎯⎯⎯ Debtors. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**DEBTORS' PLAN OF REORGANIZATION**

**ARTICLE I**
**INTRODUCTION**

     Quarry Services, LLC ("Quarry Services"), Confinement Management Systems, LLC ("CMS"), and Mining Solutions, LLC ("MS", collectively with Quarry Services and CMS, the "Debtors"), the Debtors in the above-referenced Bankruptcy Cases, hereby propose and file the following Plan of Reorganization providing for the substantive consolidation of the three bankruptcy estates and for a reorganization of their debts. This Plan of Reorganization (the "Plan") should be considered in conjunction with the Disclosure Statement, which the Debtors have filed contemporaneously herewith.

**DEFINITIONS**

1.1 "Administrative Bar Date" means the first Business Day thirty (30) days after the Effective Date, and is the date by which all Administrative Claims must be filed with the Bankruptcy Court, except as otherwise provided in the Plan.

1.2 "Administrative Claim" means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request for payment or approval) of which is timely filed by the Administrative Bar Date, and any fees and charges assessed against the estate under 28 U.S.C. § 1930.

1.3 "Allowed Claim" means a Claim against the Debtor(s) (a) which is listed in the Debtor's Schedules (as amended), other than a Disputed Claim or a Claim to which an objection has been interposed; or (b) proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed; or (c) which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

1.4 "Assets" means all property, real or personal, in which the Debtor(s) has/have an interest.
1.5 "Avoidance Actions" means proceedings commenced under Chapter 5 of the Bankruptcy Code.

1.6 "Ballot" means the form distributed to each holder of an impaired Claim on which is to be indicated, among other things, acceptance or rejection of the Plan.

1.7 "Bankruptcy Code" means Title 11 of the United States Code.

1.8 "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Georgia, or if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.9 "Bankruptcy Rules" means (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.10 "Bar Date" means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor.

1.11 "Business Day" means any day except Saturday, Sunday, or other day on which commercial banks in the State of Georgia are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.12 "Cash" means United States currency, drafts, checks, deposit accounts or other cash equivalents.

1.13 "Claim" means a claim as defined in § 101(5) of the Code.

1.14 "Claimant" means a Person holding a Claim against the Debtor.

1.15 "Class" means each class of Claims or Interests established and set forth in Article II of the Plan.

1.16 "Collateral" means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Code or applicable state law.

1.17 "Confirmation" means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.18 "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.19 "Confirmation Hearing" means the hearing under § 1128 of the Code scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan as it may be continued from time to time.

1.20 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan.

1.21 "Creditor" means the holder of a Claim.

1.22 "Days" shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

1.23 "Debtor(s)" shall mean Quarry Services, LLC, Confinement Management Systems, LLC, and Mining Solutions, LLC; and the Reorganized Debtor, on a consolidated basis.

1.24 "Disclosure Statement" means the Disclosure Statement filed or to be filed by Debtor in connection with this Plan, as modified, if applicable.

1.25 "Disputed Claim" means a Claim:
    (a) which is listed as disputed or contingent in the Debtors' Schedules as filed or as amended, or
    (b) which is listed as disputed under any provision of this Plan, or
    (c) as to which a proof of claim was timely filed and an objection to such Claim was filed within
      60 days after the Effective Date.

1.26 "Effective Date" means the date that is 60 days after the Confirmation Order becomes a Final Order.

1.27 "Equipment" means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

1.28 "Exempt Property" means property claimed as exempt on Schedule C (as amended, if applicable) filed by the Debtor, unless such exemption has been disallowed by the Bankruptcy Court upon timely objection.

1.29 "Estate" shall mean the substantively consolidated bankruptcy estate created by the confirmation of the Debtors' Chapter 11 Plan of Reorganization, after the Confirmation Date. "Estates" shall mean the bankruptcy estates created by the commencement of the Debtors' Chapter 11 cases, prior to the Confirmation Date.

1.30 "Executory Contracts" means all contracts, including unexpired leases, to which the Debtor was were a party on the Petition Date and which were executory within the meaning of § 365 of the Code and which may be assumed or rejected by the Debtor.

1.31 "Final Decree" means the Final Order of the Bankruptcy Court that closes and dismisses the Case.

1.32 "Final Order" means an order or judgment of the Bankruptcy Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

1.33 "Inventory" means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.34 "Lien" has the meaning set forth in §101(37) of the Code.

1.35 "Miscellaneous Assets" means Assets other than Inventory, Equipment, Accounts Receivable or Avoidance Actions.

1.36 "Person" means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government, or any political subdivision thereof, or other legal entity.

1.37 "Petition Date" means January 22, 2019, the date on which the voluntary petition for relief under Chapter 11 of the Code was filed by the Debtors.

1.38 "Plan" means this Plan, as it may be amended from time to time.

1.39 "Priority Claim" means a Claim made pursuant to § 507(a) of the Code, other than an Administrative Claim or a Professional Claim.

1.40 "Priority Tax Claim" means any Allowed Claim for taxes, including without limitation, income, property, withholding, payroll or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Code.

1.41 "Professional" means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Code.

1.42 "Professional Claim" means any Claim for compensation or reimbursement of a Professional arising at any time before the Confirmation Date.

1.43 "Proof of Claim" means a proof of Claim filed pursuant to § 501 of the Code and Part III of the Bankruptcy Rules.

1.44 "Rejection Claim" means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Code and applicable law, and as are allowed by the Bankruptcy Court.

1.45 "Reorganized Debtor" means Quarry Services, LLC, Confinement Management Systems, LLC and Mining Solutions, LLC, on a substantively consolidated basis, after entry of a Confirmation Order and on the Effective Date of the Plan.

1.46 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.47 "Secured Claim" means any Claim, debt, or demand against the Debtor as determined in accordance with § 506(a) of the Code which is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set-off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing.

1.48 "Unexpired Lease" means a lease of personalty or realty which had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

1.49 "Unliquidated Claim" means any Claim, the amount of liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.50 "Unsecured Claim" means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Code.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   <u>Class 1</u>.       The secured claim of PACCAR Financial Corp.

2.02   <u>Class 2</u>.       The secured claims of Ally Financial and Ally Bank.

2.03   <u>Class 3</u>        The secured claim of Synovus Bank.

2.04   <u>Class 4</u>        The secured claim of Persons Banking Company.

2.05   <u>Class 5</u>        The secured claim of Epiroc Financial Solutions USA, LLC

2.06   <u>Class 6</u>        The secured claim of Wells Fargo Bank, N.A.

2.07   <u>Class 7</u>        The secured claim of Bank of America.

2.08   <u>Class 8</u>        The secured claim of U.S. Bank, N.A..

2.09   <u>Class 9</u>        The secured claim of TCF Equipment Finance.

2.10   <u>Class 10</u>       The secured claim of Leaf Capital Funding

2.11   <u>Class 11</u>       The secured claim of Regions Bank.

2.12   <u>Class 12</u>       The priority claim of Internal Revenue Service.

2.13   <u>Class 13</u>       General Unsecured Claims.

2.14   <u>Class 14</u>       Equity Security Holder.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   **Unclassified Claims.**   Under section § 1123(a)(1), administrative expense claims are not in classes.

3.02   **Administrative Expense Claims.**   Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   **Priority Tax Claims.**   Each holder of a priority tax claim, if one exists, will be paid upon terms consistent with § 1129(a)(9)(C) of the Code. Other than the Internal Revenue Service, which the Debtor has separately classified, Debtor estimates that the following pre-petition claims are owed regarding personal property taxes: Pickens County Tax Commissioner: $93,868.35 and City of Jasper, Georgia: $18,328.54.  Nothing herein shall prevent Debtor from objecting to any priority creditor's proof of claim. Priority tax claims will be paid in quarterly installments.

**3.04** **United States Trustee Fees.** All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

**Class 1 (Secured Claims of PACCAR)**: Class 1 consists of the secured claims of PACCAR Financial Corp. ("PACCAR"). PACCAR shall retain its liens on all accompanying assets to the same extent, validity, and priority as existed on the Filing Date. The PACCAR claims are classified as follows:

Upon information and belief, PACCAR holds a first priority security interest in the following equipment: 2016 Kenworth T800 (VIN ending in 7780) (the "Class 1 Collateral"). Debtor asserts that the balance owed to PACCAR is $103,739.00. Debtor values the Class 1 Collateral at $103,739 (the "Secured Class 1 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 1 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $2,030.00 per month and shall send such payments directly to PACCAR. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 1 Claim. PACCAR shall retain its lien on the Class 1 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($103,739.00).

The Claim of the Class 1 Lender is impaired by the Plan and the Holder of Class 1 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2 (Ally Financial and Ally Bank)** Class 2 consists of the secured claims of Ally Financial and Ally Bank ("Ally") secured by 18 (eighteen) trucks.

**Class 2.1**    Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 5287) (the "Class 2.1 Collateral"). Debtor asserts that the balance owed to Ally is $20,893.65. Debtor values the Class 2.1 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.1 Claim").

Debtor shall pay the Secured Class 2.1 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.1 Claim. Ally shall retain its lien on the Class 2.1 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.1 Lender is impaired by the Plan and the Holder of Class 2.1 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.2**        Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 4365) (the "Class 2.2 Collateral"). Debtor asserts that the balance owed to Ally is $18,939.24. Debtor values the Class 2.2 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.2 Claim").

Debtor shall pay the Secured Class 2.2 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.2 Claim. Ally shall retain its lien on the Class 2.2 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.2 Lender is impaired by the Plan and the Holder of Class 2.2 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.3**        Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 3944) (the "Class 2.3 Collateral"). Debtor asserts that the balance owed to Ally is $11,558.57. Debtor values the Class 2.3 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.3 Claim").

Debtor shall pay the Secured Class 2.3 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.3 Claim. Ally shall retain its lien on the Class 2.3 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00).

The Claim of the Class 2.3 Lender is impaired by the Plan and the Holder of Class 2.3 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.4**        Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 1240) (the "Class 2.4 Collateral"). Debtor asserts that the balance owed to Ally is $17,112.24. Debtor values the Class 2.4 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.4 Claim").

Debtor shall pay the Secured Class 2.4 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing

on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.4 Claim. Ally shall retain its lien on the Class 2.4 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.4 Lender is impaired by the Plan and the Holder of Class 2.4 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.5**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 2881) (the "Class 2.5 Collateral"). Debtor asserts that the balance owed to Ally is $21,424.26. Debtor values the Class 2.5 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.5 Claim").

Debtor shall pay the Secured Class 2.5 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.5 Claim. Ally shall retain its lien on the Class 2.5 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.5 Lender is impaired by the Plan and the Holder of Class 2.5 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.6**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 8281) (the "Class 2.6 Collateral"). Debtor asserts that the balance owed to Ally is $10,300.96. Debtor values the Class 2.6 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.6 Claim").

Debtor shall surrender the Class 2.6 Collateral to Ally, if not already surrendered at the time of Plan Confirmation. Ally shall retain its lien on the Class 2.6 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). Ally's deficiency claim shall be treated as a general unsecured claim, and Ally shall be permitted to vote on its unsecured claim in the appropriate class.

The Claim of the Class 2.6 Lender is impaired by the Plan and the Holder of Class 2.6 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.7**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 8308) (the "Class 2.7 Collateral"). Debtor asserts that the balance owed to Ally is $12,717.48. Debtor values the Class 2.7 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.7 Claim").

Debtor shall pay the Secured Class 2.7 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.7 Claim. Ally shall retain its lien on the Class 2.7 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). The deficiency balance, if any, shall be treated as a general unsecured claim and may vote in the appropriate class.

The Claim of the Class 2.7 Lender is impaired by the Plan and the Holder of Class 2.7 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.8**     Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 1503) (the "Class 2.8 Collateral"). Debtor asserts that the balance owed to Ally is $15,165.41. Debtor values the Class 2.8 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.8 Claim").

Debtor shall surrender the Class 2.8 Collateral to Ally, if not already surrendered at the time of Plan Confirmation. Ally shall retain its lien on the Class 2.8 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00). Ally's deficiency claim shall be treated as a general unsecured claim, and Ally shall be permitted to vote on its unsecured claim in the appropriate class.

The Claim of the Class 2.8 Lender is impaired by the Plan and the Holder of Class 2.8 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.9**     Upon information and belief, Ally holds a first priority security interest in the following collateral: 2017 Chevrolet Silverado (VIN ending in 4997) (the "Class 2.9 Collateral"). Debtor asserts that the balance owed to Ally is $16,136.73. Debtor values the Class 2.9 Collateral at $13,500.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.9 Claim").

Debtor shall pay the Secured Class 2.9 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $260.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.9 Claim. Ally shall retain its lien on the Class 2.9 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($13,500.00).

The Claim of the Class 2.9 Lender is impaired by the Plan and the Holder of Class 2.9 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.10**     Upon information and belief, Ally holds a first priority security interest in

the following collateral: 2016 Chevrolet Silverado (VIN ending in 4743) (the "Class 2.10 Collateral"). Debtor asserts that the balance owed to Ally is $18,802.77. Debtor values the Class 2.10 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.10 Claim").

Debtor shall pay the Secured Class 2.10 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.10 Claim. Ally shall retain its lien on the Class 2.10 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.10 Lender is impaired by the Plan and the Holder of Class 2.10 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.11**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 8768) (the "Class 2.11 Collateral"). Debtor asserts that the balance owed to Ally is $11,558.57. Debtor values the Class 2.11 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.11 Claim").

Debtor shall pay the Secured Class 2.11 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.11 Claim. Ally shall retain its lien on the Class 2.11 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). The deficiency balance, if any, shall be treated as a general unsecured claim and may vote in the appropriate class.

The Claim of the Class 2.11 Lender is impaired by the Plan and the Holder of Class 2.11 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.12**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 0652) (the "Class 2.12 Collateral"). Debtor asserts that the balance owed to Ally is $16,568.69. Debtor values the Class 2.12 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.12 Claim").

Debtor shall pay the Secured Class 2.12 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.12 Claim. Ally shall retain its lien on the Class 2.12 Collateral and the lien shall be valid and fully enforceable to

the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.12 Lender is impaired by the Plan and the Holder of Class 2.12 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.13**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 1267) (the "Class 2.13 Collateral"). Debtor asserts that the balance owed to Ally is $13,073.21. Debtor values the Class 2.13 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.13 Claim").

Debtor shall pay the Secured Class 2.13 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.13 Claim. Ally shall retain its lien on the Class 2.13 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). The deficiency balance, if any, shall be treated as a general unsecured claim and may vote in the appropriate class.

The Claim of the Class 2.13 Lender is impaired by the Plan and the Holder of Class 2.13 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.14**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 5661) (the "Class 2.14 Collateral"). Debtor asserts that the balance owed to Ally is $19,975.09. Debtor values the Class 2.14 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.14 Claim").

Debtor shall pay the Secured Class 2.14 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.14 Claim. Ally shall retain its lien on the Class 2.14 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.14 Lender is impaired by the Plan and the Holder of Class 2.14 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.15**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 RAM 5500 (VIN ending in 0666) (the "Class 2.15 Collateral"). Debtor asserts that the balance owed to Ally is $56,757.46. Debtor values the Class 2.15 Collateral at $42,000 pursuant to 11 U.S.C. §506 (the "Secured Class 2.15 Claim").

Debtor shall pay the Secured Class 2.15 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $811.98 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.15 Claim. Ally shall retain its lien on the Class 2.15 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($42,000.00).

The Claim of the Class 2.15 Lender is impaired by the Plan and the Holder of Class 2.15 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.16**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 8596) (the "Class 2.16 Collateral"). Debtor asserts that the balance owed to Ally is $12,071.90. Debtor values the Class 2.16 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.16 Claim").

Debtor shall pay the Secured Class 2.16 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.16 Claim. Ally shall retain its lien on the Class 2.16 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). The deficiency balance, if any, shall be treated as a general unsecured claim and may vote in the appropriate class.

The Claim of the Class 2.16 Lender is impaired by the Plan and the Holder of Class 2.16 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.17**      Upon information and belief, Ally holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 2025) (the "Class 2.17 Collateral"). Debtor asserts that the balance owed to Ally is $22,339.91. Debtor values the Class 2.17 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.17 Claim").

Debtor shall surrender the Class 2.17 Collateral to Ally, if not already surrendered at the time of Plan Confirmation. Ally shall retain its lien on the Class 2.17 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00). Ally's deficiency claim shall be treated as a general unsecured claim, and Ally shall be permitted to vote on its unsecured claim in the appropriate class.

The Claim of the Class 2.17 Lender is impaired by the Plan and the Holder of Class 2.17 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 2.18**      Upon information and belief, Ally holds a first priority security interest in

the following collateral: 2016 Chevrolet Silverado (VIN ending in 6938) (the "Class 2.18 Collateral"). Debtor asserts that the balance owed to Ally is $18,559.77. Debtor values the Class 2.18 Collateral at $12,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 2.18 Claim").

Debtor shall pay the Secured Class 2.18 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $231.99 per month and shall send such payments directly to Ally. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 2.18 Claim. Ally shall retain its lien on the Class 2.18 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($12,000.00).

The Claim of the Class 2.18 Lender is impaired by the Plan and the Holder of Class 2.18 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 3 (Synovus Drills)** Class 3 consists of the secured claim of Synovus Bank ("Synovus"). Upon information and belief, Synovus holds a first priority security interest in the following collateral: Atlas Copo ROC L8-25 AVO08A1505, Atlas Copo ROC L8-25AVO08A1583, Atlas Copo ROC L8-25 AVO10A1071, Atlas Copo ROC L8-25 AVO10A1354 (Surrendered), Atlas Copo ROC L8-25 AVO11A1068, Atlas Copo ROC L8-25AVO11A1107, Furakawa DCR20 3212080 and accounts receivable (Surrendered) (the "Class 3 Collateral"). Debtor asserts that the balance owed to Synovus is $1,940,896.86. Debtor values the Class 3 Collateral at $1,197,223.96 pursuant to 11 U.S.C. §506. Debtor surrendered DCR20 and 1354 and will be given credit in the amount of $200,000.00.

Debtor shall pay the Secured Class 3 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 15th of the month following the Effective Date and continuing by the 15th day of each subsequent month in the estimated amount of $19,279.13 per month and shall send such payments directly to SYNOVUS. Debtor shall pay half of each monthly payment on the 15th of each month and the remaining half on the last day of the month. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 3 Claim. SYNOVUS shall retain its lien on the Class 3 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date, minus the previously surrendered collateral ($997,223.96).

The Claim of the Class 3 Lender is impaired by the Plan and the Holder of Class 3 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 4 (Persons Banking Company).** Class 4 consists of the secured claims of Persons Banking Company ("PBC").

**Class 4.1** Upon information and belief, PBC holds a first priority security interest in the following collateral: Office Condo at 4180 Providence Rd., Marietta, GA ("Marietta Property"), 2016 Talbert Trailer, CME Bit Grinding Machine, Spare C-13 Cat Drill Engine, 3G Blast Matrix Profiler,

LIM Drill Logging System, Atlas Copo ROC L8-25 AVO08A1364, Atlas Copco FlexiROC D60 AVO11A1631 (Surrendered), Atlas Copco FlexiROC D60 AVO12A1420, Atlas Copco  FlexiROC D60 AVO13A1213 (Surrendered), Atlas Copo ROC L8-25 AVO08A1405, Atlas Copo ROC L8-25 AVO08A1416, Atlas Copo ROC L8-25 AVO08A1417 (the "Class 4.1 Collateral"). Debtor asserts that the balance owed to PBC is $2,917.620.00. Debtor values the Class 4.1 Collateral as $627,427.01 for the drilling rigs and $200,000 for the Marietta Property and various other equipment pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 4.1 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 15th of the month following the Effective Date in the estimated amount of $15,996.48 per month and shall send such payments directly to PBC. Debtor shall pay half of each monthly payment on the 15th of each month and the remaining half on the last day of the month. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 4.1 Claim. PBC shall retain its lien on the Class 4.1 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($827,427.01).

PBC's deficiency claim shall be treated as an unsecured claim and PBS may vote it's unsecured claim in the appropriate class.

The Claim of the Class 4.1 Lender is impaired by the Plan and the Holder of Class 4.1 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 4.2**    Upon information and belief, PBC holds a second priority security interest in the following collateral: 68 McKenzie Blvd, Jasper, Georgia 30143 (the "Class 4.2 Collateral," a/k/a the "Jasper Property"). PBC's Secured Class 4.2 Claim is secured by the Jasper Property. Regions Bank holds a first priority security interest in the Jasper Property. Debtor values the Jasper Property at $175,000.00 pursuant to 11 U.S.C. §506. PBC's Secured Class 4.2 Claim shall be valued at the difference between the value of the Jasper Property and Regions Bank's secured claim (estimated to be $63,924.94. Debtor estimates PBC's Secured Class 4.2 Claim to be $111,075.06.

Debtor shall pay the Secured Class 4.2 Claim amortized over a (120) one hundred twenty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 15th of the month following the Effective Date in the estimated amount of $1,233.16 per month and shall send such payments directly to PBC. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 4.2 Claim. PBC shall retain its lien on the Class 4.2 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($111,075.06).

The Claim of the Class 4.2 Lender is impaired by the Plan and the Holder of Class 4 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 5 (Epiroc Financial Solutions USA, LLC).** Class 5 consists of the secured claim of

Epiroc Financial Solutions USA, LLC ("Epiroc"). Upon information and belief, Epiroc holds a first priority security interest in the following collateral: Atlas Copco SmartROC D60 TMG16SED0002 with Rover & Base Station (Surrendered), Atlas Copco SmartROC D60 TMG16SED0030, Atlas Copco SmartROC D60 TMG16SED0406/BS, Atlas Copco SmartROC D60 TMG17SED0017/BS, Atlas Copco SmartROC D60 TMG17SED0027/BS (the "Class 5 Collateral"). Debtor asserts that the balance owed to Epiroc is $3,547.922.33. Debtor values the Class 5 Collateral at $2,025,569.08 pursuant to 11 U.S.C. §506. Prior to the filing of this Plan, Debtor surrendered the drill known as "SD02" to Epiroc with a value of $349,819.51, and Debtor shall be given a credit for this amount on the Secured Class 5 Claim. Debtor's remaining collateral is valued at $1,675,749.57.

Debtor shall pay the Secured Class 5 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 15th of the month following the Effective Date in the estimated amount of $32,396.93 per month and shall send such payments directly to EPIROC. Debtor shall pay half of each monthly payment on the 15th of each month and the remaining half on the last day of the month. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 5 Claim. EPIROC shall retain its lien on the Class 5 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($1,675,749.57).

The Claim of the Class 5 Lender is impaired by the Plan and the Holder of Class 5 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6 (Wells Fargo Bank, N.A.)** Class 6 consists of the secured claims of Wells Fargo Bank, N.A. ("Wells Fargo") secured by 10 (ten) trucks.

    **Class 6.1**    Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2013 Chevrolet Silverado (VIN ending in 5057) (the "Class 6.1 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $2,458.32. Debtor values the Class 6.1 Collateral at $8,000 pursuant to 11 U.S.C. §506 (the "Secured Class 6.1 Claim").

Debtor shall pay the Secured Class 6.1 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $47.53 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.1 Claim. Wells Fargo shall retain its lien on the Class 6.1 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($2,458.32.00).

The Claim of the Class 6.1 Lender is impaired by the Plan and the Holder of Class 6.1 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

    **Class 6.2**    Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2015 RAM 2500 (VIN ending in 3465) (the "Class 6.2 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $25,962.77. Debtor values the Class 6.2 Collateral at $30,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.2 Claim").

Debtor shall pay the Secured Class 6.2 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $501.93 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.2 Claim. Wells Fargo shall retain its lien on the Class 6.2 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($25,962.77).

The Claim of the Class 6.2 Lender is impaired by the Plan and the Holder of Class 6.2 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.3**      Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2015 Chevrolet Silverado (VIN ending in 7124) (the "Class 6.3 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $13,272.58. Debtor values the Class 6.3 Collateral at $10,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.3 Claim").

Debtor shall surrender the Class 6.3 Collateral to Ally, if not already surrendered at the time of Plan Confirmation. Ally shall retain its lien on the Class 6.3 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). Ally's deficiency claim shall be treated as a general unsecured claim, and Ally shall be permitted to vote on its unsecured claim in the appropriate class.

The Claim of the Class 6.3 Lender is impaired by the Plan and the Holder of Class 6.3 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.4**      Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2016 Chevrolet Silverado (VIN ending in 3010) (the "Class 6.4 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $2,073.29. Debtor values the Class 6.4 Collateral at $13,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.4 Claim").

Debtor shall pay the Secured Class 6.4 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $40.08 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.4 Claim. Wells Fargo shall retain its lien on the Class 6.4 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($2,073.29).

The Claim of the Class 6.4 Lender is impaired by the Plan and the Holder of Class 6.4 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.5**       Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2017 Chevrolet Silverado (VIN ending in 3910) (the "Class 6.5 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $28,289.94. Debtor values the Class 6.5 Collateral at $20,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.5 Claim").

Debtor shall pay the Secured Class 6.5 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $386.66 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.5 Claim. Wells Fargo shall retain its lien on the Class 6.5 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($20,000.00).

The Claim of the Class 6.5 Lender is impaired by the Plan and the Holder of Class 6.5 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.6**       Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2013 Chevrolet Silverado (VIN ending in 2922) (the "Class 6.6 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $3,821.16. Debtor values the Class 6.6 Collateral at $8,000 pursuant to 11 U.S.C. §506 (the "Secured Class 6.6 Claim").

Debtor shall pay the Secured Class 6.6 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $73.87 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.6 Claim. Wells Fargo shall retain its lien on the Class 6.6 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($3,821.16).

The Claim of the Class 6.6 Lender is impaired by the Plan and the Holder of Class 6.6 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.7**       Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2017 Chevrolet Silverado (VIN ending in 9777) (the "Class 6.7 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $24,836.63. Debtor values the Class 6.7 Collateral at $20,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.7 Claim").

Debtor shall surrender the Class 6.7 Collateral to Ally, if not already surrendered at the time of Plan Confirmation. Ally shall retain its lien on the Class 6.7 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($20,000.00). Ally's deficiency claim shall be treated as a general unsecured claim, and Ally shall be permitted to vote on its unsecured claim in the appropriate class.

The Claim of the Class 6.7 Lender is impaired by the Plan and the Holder of Class 6.7 Claims is entitled to vote. Nothing herein shall constitute a admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.8**      Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2013 Chevrolet Silverado (VIN ending in 6412) (the "Class 6.8 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $3,779.17. Debtor values the Class 6.8 Collateral at $8,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.8 Claim").

Debtor shall pay the Secured Class 6.8 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $73.06 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.8 Claim. Wells Fargo shall retain its lien on the Class 6.8 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($3,779.17).

The Claim of the Class 6.8 Lender is impaired by the Plan and the Holder of Class 6.8 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.9**      Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2013 Chevrolet Silverado (VIN ending in 1954) (the "Class 6.9 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $3,133.44. Debtor values the Class 6.9 Collateral at $8,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.9 Claim").

Debtor shall pay the Secured Class 6.9 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $60.58 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.9 Claim. Wells Fargo shall retain its lien on the Class 6.9 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($3,133.44).

The Claim of the Class 6.9 Lender is impaired by the Plan and the Holder of Class 6.9 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 6.10**      Upon information and belief, Wells Fargo holds a first priority security interest in the following collateral: 2017 Chevrolet Silverado (VIN ending in 4281) (the "Class 6.10 Collateral"). Debtor asserts that the balance owed to Wells Fargo is $28,375.00. Debtor values the Class 6.10 Collateral at $20,000.00 pursuant to 11 U.S.C. §506 (the "Secured Class 6.10 Claim").

Debtor shall pay the Secured Class 6.10 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th

day of each subsequent month in the estimated amount of $386.66 per month and shall send such payments directly to Wells Fargo. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 6.10 Claim. Wells Fargo shall retain its lien on the Class 6.10 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($20,000.00).

The Claim of the Class 6.10 Lender is impaired by the Plan and the Holder of Class 6.10 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 7 (Bank of America).** Upon information and belief Bank of America ("BOA") holds a first priority security interest in the following collateral: 2015 Toyota 4Runner (VIN ending in 3556) (the "Class 7 Collateral"). Debtor asserts that the balance owed to BOA is $16,075.59. Debtor values the Class 7 Collateral at $20,000.00 (the "Secured Class 7 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 7 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $310.79 per month and shall send such payments directly BOA. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 7 Claim. BOA shall retain its lien on the Class 7 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($16,075.59). Any adequate protection payments paid to BOA shall reduce the principal balance of the Secured Class 7 claim

The Claim of the Class 7 Lender is impaired by the Plan and the Holder of Class 7 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 8 (U.S. Bank, N.A.).** Upon information and belief U.S. Bank, N.A. ("U.S. Bank") holds a first priority security interest in the following collateral: 2017 Chevrolet Silverado (VIN ending in 3854) (the "Class 8 Collateral"). Debtor asserts that the balance owed to BOA is $26,132.14. Debtor values the Class 8 Collateral at $20,000.00 (the "Secured Class 8 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 8 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $386.66 per month and shall send such payments directly BOA. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 8 Claim. BOA shall retain its lien on the Class 8 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($20,000.00). Any adequate protection payments paid to BOA shall reduce the principal balance of the Secured Class 8 claim

The Claim of the Class 8 Lender is impaired by the Plan and the Holder of Class 8 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 9 (TCF Equipment Finance).** Upon information and belief TCF Equipment Finance, a division of TCF National ("TCF") holds a first priority security interest in the following collateral: SPS Rover Receiver, TSC3 w/ SCS900 Core Module, SCS900 v.3 Adv. Measurement Upgrade; 2m CB Snaplock & Bipod Kit, and TSC3 Pole Bracket (the "Class 9 Collateral"). Debtor asserts that the balance owed to TCF is $15,437.02. Debtor values the Class 9 Collateral at $10,000.00 (the "Secured Class 9 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 9 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $193.33 per month and shall send such payments directly TCF. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 9 Claim. TCF shall retain its lien on the Class 9 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($10,000.00). Any adequate protection payments paid to TCF shall reduce the principal balance of the Secured Class 9 claim. The deficiency claim of TCF shall be treated as a general unsecured claim, and TCF may vote on its unsecured claim in the appropriate class.

The Claim of the Class 9 Lender is impaired by the Plan and the Holder of Class 9 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 10 (Leaf Capital Funding, LLC)**     Upon information and belief Leaf Capital Funding, LLC ("Leaf") holds a first priority security interest in the following collateral: Industrial Steam Cleaner (the "Class 10 Collateral"). Debtor asserts that the balance owed to LEAF is $3,600.20. Debtor values the Class 10 Collateral at $1,500.00 (the "Secured Class 10 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 10 Claim amortized over a (60) sixty month term with interest accruing at the annual rate of 6.0% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $29.00 per month and shall send such payments directly LEAF. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 10 Claim. LEAF shall retain its lien on the Class 10 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($1,500.00). Any adequate protection payments paid to LEAF shall reduce the principal balance of the Secured Class 10 claim. The deficiency claim of LEAF shall be treated as a general unsecured claim, and Leaf may vote on its unsecured claim in the appropriate class.

The Claim of the Class 10 Lender is impaired by the Plan and the Holder of Class 10 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 11 (Regions Bank).** Upon information and belief Regions Bank ("Regions") holds a first priority security interest in the following collateral: 68 McKenzie Blvd, Jasper, Georgia 30143 (the "Class 11 Collateral" or the "Jasper Property"). Debtor asserts that the balance owed to SunTrust is $63,924.94. Debtor values the Class 11 Collateral at $175,000.00 (the "Secured Class 11 Claim") pursuant to 11 U.S.C. §506.

Debtor shall pay the Secured Class 11 Claim amortized over a (120) one hundred twenty month term with interest accruing at the annual rate of 5.45% from the Effective Date with payment commencing on the 10th of the month following the Effective Date and continuing by the 10th day of each subsequent month in the estimated amount of $692.17 per month and shall send such payments directly SunTrust. Any payments in excess of the aforementioned monthly payment after the Effective Date shall be applied to the principal balance of the Secured Class 11 Claim. SunTrust shall retain its lien on the Class 11 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date ($63,924.94). Any adequate protection payments paid to SunTrust shall reduce the principal balance of the Secured Class 11 claim.

The Claim of the Class 11 Lender is impaired by the Plan and the Holder of Class 11 Claims is entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserve the right to object to any and all claims.

**Class 12 (Internal Revenue Service).** Class 12 consists of the priority claim of the Internal Revenue Service.

The IRS' priority claim shall be paid in equal monthly payments amortized at an annual rate of 6% pursuant to 26 U.S.C. § 6621 and 11 U.S.C. § 511 over a period of 60 months, with payments beginning on the 5th day of the month following the Effective Date.

The estimated monthly payment to comply with the terms of the Plan is $5,317.13. If the reorganized debtor substantially defaults on the payments of a tax due to the IRS under the plan, then the entire tax debts still owed to the IRS shall become due and payable immediately, and the IRS may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code or any applicable law.

The debtor is required to timely file returns for and timely pay all post-petition personal, business, and employment taxes. Proof of federal tax deposits must be sent to the Internal Revenue Service, Summit Building, Room 1665, 401 West Peachtree Street, Stop 334-D, Attn: Darthulia P. Stewart, Atlanta, GA 30308. Failure to timely file returns or to timely pay taxes as they become due shall constitute a default of the Chapter 11 Plan."

Class 12 is impaired and entitled to vote on the Plan. Nothing herein shall constitute an admission as to the nature, validity, or amount of claim. Debtor reserves the right to object to any and all claims.

**Class 13 (General Unsecured Claims).** Class 13 consists of all general unsecured creditors of the Debtor, including all Secured Claimants' deficiency claims that are reclassified as Class 13 claimants. Holders of Class 13 claims shall be paid $300,000.00 in quarterly installments beginning on the 3 month anniversary after the Effective Date and continuing for 5 years for a total of (20) twenty payments of $15,000.00. Payments on Class 13 claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. Any check mailed to the proper address and returned by the post office as undeliverable, or not deposited within 120 days, shall be void and the funds may be retained by the Debtor. This class is impaired and entitled to vote. Nothing herein shall constitute an admission as to the nature, validity, or amount of any claim. Debtor reserves the right to

object to any and all claims.

**Class 14 (Equity Security Holders).** Class 14 consists of the Equity Holders of the Debtor. Each equity security holder will retain its/his Interest in the reorganized Debtor as such Interest existed as of the Petition Date.

If, and only if, a class of unsecured claimants votes against the Plan such that the junior interests of the equity security holder, Charles Selman, will receive or retain property on account of his equity interest in the Debtor, the following provisions shall apply:

The post-confirmation debtor ("Reorganized Debtor," as defined above) shall issue 100 shares of new stock that will be sold at a public auction available to all creditors, equity security holders, and the general public. The public auction will take place in accordance with the following procedures (as may be approved by the Bankruptcy Court not less than seven (7) days preceding the Confirmation Hearing (the "Bid Procedures"): The stock will only be sold in one block of one hundred (100) shares. Creditors will not be permitted to bid their Claims as part of the purchase price. The Debtor will publish notice of the sale and the terms of the sale in the Fulton County Daily Report at least twenty-eight (28) days prior to next scheduled hearing on confirmation of the Plan after the Bid Procedures are approved. Those parties seeking to acquire one hundred percent (100%) of the stock in the Reorganized Debtor will be required to serve written notice of their intention to bid on counsel to the Debtor and the U.S. Trustee (the 'Notice Parties"), which notice shall contain the bidder's name, address, financial statements and tax returns for the last two years, the terms of the bid and a verified statement that if the bid is accepted, the bidder will agree to abide by the terms of the sale as described above and perform the obligations of the Plan. The written notice must be accompanied by an earnest money deposit in the amount of $10,000.00 in the form of cashier's or certified check and must be received by Debtor's counsel at least 7 (seven) days prior to the hearing on confirmation of the plan scheduled after notice has been published in the Fulton County Daily Report. The failure to provide written notice within the time provided will conclusively be deemed a waiver of the opportunity to purchase one hundred percent (100%) of the stock in the Reorganized Debtor. In the event that there are competing bids for one hundred percent (100%) of the stock in the Reorganized Debtor, an auction shall be held at the offices of Debtor's counsel within two business days prior to the scheduled confirmation hearing. The successful bidder shall then be awarded one hundred percent (100%) of the stock in Reorganized Debtor. Payment for the stock will be due on the Effective Date of the Plan. In the event that the successful bidder fails to make the required payment, then the bid will be deemed withdrawn and the stock will be awarded to the next highest bidder. That bidder must tender the amount bid at the auction within 5 days of being notified that they are the new winning bidder.

This class is not impaired and is not eligible to vote on the Plan.

4.02    Termination of Automatic Stay.  On the Effective Date, the automatic stay of § 362(a) shall terminate as to the Debtor and the Estate.

4.03    Default Rights and Remedies.  Upon any default under the Plan, the Creditors in Class 1 through Class 14 herein above shall be entitled to exercise any and all rights and remedies under their agreements with the Debtor (as may be modified herein) and applicable non-bankruptcy law including, without limitation, repossession of collateral or leased property through legal process in a non-bankruptcy court of competent jurisdiction.  This Plan does not abridge any such Creditor's exercise of any contractual, legal, or equitable right or remedy upon default, except as follows: (a) the Debtor shall be entitled to a notice of default before any such Creditor proceeds with any default rights or remedies;

and (b) the Debtor shall be given a period of at least 14 days to cure such default before such Creditor proceeds with any default rights or remedies.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim without notice or further order of this Court.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the Confirmation Order, upon the Effective Date.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Parties Responsible for Implementation of the Plan. Upon confirmation, Debtor will be charged with administration of the Case. Debtor will be authorized and empowered to take such actions as are required to effectuate the Plan. Debtor will file all post-confirmation reports required by the United States Trustee's office. Debtor will also file the necessary final reports and will apply for a final decree as soon as practicable after substantial consummation, the completion of the claims analysis and objection process, and following entry of Final Orders in all Bankruptcy Court litigation. Debtor may be authorized to reopen this case after the entry of a Final Decree to enforce the terms of the Plan including for the purpose of seeking to hold a party in contempt or to enforce the confirmation or discharge injunction or otherwise afford relief to Debtor. The fee associated with the Debtor's motion to reopen Debtor's case may be waived, and Debtor may not be responsible for payment of such to the Clerk of Court for the Bankruptcy Court of the Northern District of Georgia or otherwise.

7.02    Source of Cash Distributions. The source of funds for payments pursuant to the Plan will be the post-confirmation income of the Debtor derived from its drilling operations.

7.03    Preservation of Causes of Action. In accordance with section 1123(b)(3) of the Bankruptcy Code, Debtor will retain and may (but is not required to) enforce all Retained Actions. After the Effective Date, Debtor, in its sole and absolute discretion, shall have the right to bring, settle, release, compromise,

or enforce such Retained Actions (or decline to do any of the foregoing), without further approval of the Bankruptcy Court. Debtor (or any successors, in the exercise of their sole discretion), may pursue such Retained Actions so long as it is the best interests of Debtor (or any successors holding such rights of action). The failure of Debtor to specifically list any claim, right of action, suit, proceeding or other Retained Action in this Plan does not, and will not be deemed to, constitute a waiver or release by Debtor of such claim, right of action, suit, proceeding or other Retained Action, and Debtor will retain the right to pursue such claims, rights of action, suits, proceedings and other Retained Actions in their sole discretion and, therefore, no preclusion doctrine, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to such claim, right of action, suit, proceeding or other Retained Actions upon or after the confirmation or consummation of this Plan. Debtor reserve all causes of actions for breach of any former or now existing agreement or otherwise. Any failure by Debtor to assert or set forth the occurrence of any other default or events of default which may have occurred shall not be deemed to be a waiver, release or estoppel of such other default or event of default. Debtor hereby expressly reserves the right to declare any such other default or event of default and to take such other action as Debtor may be entitled to applicable law. No delay on the part of Debtor in exercising any right or remedy shall operate as a waiver in whole or in part of any right or remedy. The Disclosure Statement and Plan are filed with a full reservation of rights.

7.04    Effectuating Documents, Further Transactions. Debtor is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such action as may be necessary, desirable or appropriate to effectuate and further evidence the terms and conditions of this Plan or to otherwise comply with applicable law.

7.05    Further Authorization. Debtor shall be entitled to seek such orders, judgments, injunctions and rulings as it deems necessary or desirable to carry out the intentions and purposes, and to give full effect to the provisions, of this Plan.

7.06    Liabilities of Debtor. Debtor will not have any liabilities except those expressly assumed under the Plan. Debtor will be responsible for all expenses incurred by Debtor in the ordinary course of business after the Filing Date, and those expenses will be paid in the ordinary course of business as they become due or as agreed upon by holders of the expense claim.

7.07    Exclusive Right to Modify Plan. Debtors shall retain the exclusive right to amend or modify the Plan, and to solicit acceptances of any amendments to, or modifications of, the Plan until and including the Confirmation Date.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.03    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    <u>Vesting of Debtor's Assets</u>: Except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Estate (including Retained Actions, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court) shall revest in Debtor free and clear of all Claims, Liens, charges, encumbrances, rights and Interests of creditors and equity security holders, except as specifically provided in the Plan. As of the Effective Date, Debtor may use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and Confirmation Order.

8.08    <u>Revocation</u>: The Debtor reserves the right to revoke, and withdraw the Plan prior to Confirmation. If the Debtor revokes and/or withdraw the Plan, then the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor, or any other person or entity or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtor.

8.09    <u>Liabilities</u>: Debtor will not have any liabilities except those expressly assumed under the Plan. Debtor will be responsible for all ongoing expenses and payments due and owing under the confirmed Plan.

8.10    <u>Plan Controls</u>: In the event, and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement or instrument required or contemplated to be executed by the Debtor or any other entity pursuant to the Plan, the provisions of the Plan shall control and take precedence. In the event of any inconsistency between any provision of any of the foregoing documents and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

**ARTICLE IX**
**<u>DISCHARGE</u>**

9.01    <u>Discharge</u>.  On the Confirmation Date and subject to the occurrence of the Effective Date, the Debtor will be discharged from any debt that arose before Confirmation, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:  (i) imposed by or otherwise provided under this Plan; (ii) of a kind specified in § 1141(d)(6)(A), if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**ARTICLE X**

## <u>OTHER PROVISIONS- JURISDICTION</u>

Subject to the provisions of Sections 4.02 and 4.03 of this Plan, the Court shall retain jurisdiction over the parties to, and the subject matter of, this Plan and all matters related thereto until the Plan has been fully consummated and the Case is closed, or until the Case is dismissed or converted to another chapter of the Code.

## ARTICLE XI
## <u>SUBSTANTIAL CONFIRMATION</u>

Debtors hereby request that the Confirmation Order provide for the substantive consolidation of Quarry Services, LLC, Confinement Management Systems, LLC, and Mining Solutions, LLC into one entity, the Reorganized Debtor, under 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 1015.

Respectfully submitted this 30th day of April, 2019,

By: <u>/s/ Charles Selman for Debtors</u>
       The Plan Proponent

By: <u>/s/ Will Geer_____</u>
            Attorney for the Plan Proponents