**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | Jointly Administered Under |
| Quarry Services, LLC, ) | |
| Confinement Management Systems, LLC, ) | CASE NO. 19-20103-jrs |
| and Mining Solutions, LLC. ) | |
| ) | |
| _____Debtors._____ ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Quarry Services, LLC, Confinement Management Systems, LLC, and Mining Solutions, LLC have filed their **Motion to Dismiss Cases Pursuant to 11 U.S.C. § 1112(b)(1) ("Motion to Dismiss")** and related papers with the Court seeking an order dismissing the instant Chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion to Dismiss **in Courtroom 1404, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 1:30 p.m. on September 10, 2019.** Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to

the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: **Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303**. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: August 19th, 2019

/s/
Will B. Geer
GA Bar #940493
Attorney for Debtors
Wiggam & Geer, LLC
50 Hurt Plaza, SE, Suite 1245
Atlanta, GA 30328
Phone: 678-587-8740
Fax: 404-287-2767
wgeer@wiggamgeer.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | Jointly Administered Under |
| Quarry Services, LLC, | ) | |
| Confinement Management Systems, LLC, | ) | CASE NO. 19-20103-jrs |
| and Mining Solutions, LLC. | ) | |
| | ) | |
| Debtors. | ) | |

**DEBTORS' MOTION TO DISMISS CASES PURSUANT TO 11 U.S.C. §1112(b)(1)**

COME NOW Quarry Services, LLC ("Quarry"), Confinement Management Systems, LLC ("CMS"), and Mining Solutions, LLC ("MS", collectively with CMS and Quarry, the "Debtors"), by and through their undersigned counsel, hereby move this Court for an order, pursuant to §1112(b)(1) of the Bankruptcy Code and Bankruptcy Rule 1017(a), dismissing these jointly administered cases (the "Motion"). In support of the Motion, Debtors show the Court as follows:

1.

On January 22, 2019 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.

Pursuant to Federal Rule of Bankruptcy Procedure 1007, Debtors included in their Chapter 11 petition (the "Petition") a list of its creditors, containing the name and address

of each as then known, as well as a list of the creditors holding the 20 largest unsecured claims, excluding insiders, containing the name and address of each as then known.

3.

Debtors are Georgia-based companies that provide drilling services to quarries throughout the Southeastern United States. All three Debtors share common ownership and operate as one business venture.

4.

Debtors' three largest secured creditors are Synovus Bank ("Synovus"), Epiroc Financial Solutions USA, LLC ("Epiroc"), and Persons Banking Company ("Persons"). All three secured creditors hold liens on Debtors' principals assets: drilling rigs used in the operation of the business. All three secured creditors assert an interest in Debtors' cash collateral. Synovus asserts a first-priority interest in Debtors' cash collateral. Debtor CMS' real property located in Marietta, Georgia is also subject to Persons' liens, and Debtor Quarry's real property located in Jasper, Georgia is subject to liens held by Persons and Regions Bank.

5.

On July 1, 2019, the Court entered the Consent Orders Regarding Motions for Relief From the Automatic Stay regarding Epiroc's collateral and Sysnovus' collateral [Docket No. 169 and 170, respectively], pursuant to which, inter alia, Epiroc and Synovus were

granted relief from the automatic stay by a date certain to give Debtors a chance to market and sell their business as a going concern. On August 9, 2019, the Court entered the Consent Order Regarding Motion for Relief from the Automatic Stay [Docket No. 179] regarding Persons' collateral that contained substantially the same relief as Epiroc's and Synovus' Consent Orders.

6.

Debtors were not able to sell their business as a going concern. Moreover, continuing to operate at full capacity with significant administrative costs was not profitable.

7.

As of the filing of this Motion, Debtors and any entity asserting an interest in Debtors' cash collateral have agreed on a practical and reasonable "Wind-down Budget" for the Debtors. Debtors have not opposed stay relief from their other secured creditors, and none of Debtors' assets have any equity for a Chapter 7 Trustee to liquidate.

8.

Debtors CMS and MS are holding companies that were formed for the express purpose of owning the drilling rigs used in the Debtors' operations. The Debtors have no equity in any of their drilling rigs pursuant to the expert testimony of its secured creditors at an evidentiary hearing held on March 20, 2019. CMS also owns real property located at

4180 Providence Road, Suite 107, Marietta, GA 30062 ("4180 Providence"). Persons' lien on 4180 Providence is significantly undersecured. Debtor Quarry owns over 20 work trucks, one tractor trailer, and real property located at 68 McKenzie Blvd, Jasper, Georgia ("68 McKenzie"). Debtor Quarry has no equity in any of its collateral as evidenced by the testimony of the secured creditors' experts and a cursory review of the Debtors' schedules.

9.

Bankruptcy Code § 1112(b)(1) provides that the Court shall dismiss a case under Chapter 11 if the movant establishes cause. The various circumstances that can establish cause for dismissal, enumerated in §1112(b)(4), include the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). Section 1112(b) states, in pertinent part:

> (b) . . .on request of any party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may... dismiss a case under this chapter... for cause...

11 U.S.C. §1112(b). A determination of cause is made by the court on a case-by-case basis. See *Albany Partners*, 749 F.2d at 674. In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion. *See In re Camden Ordinance Mfg.*

*Co. of Arkansas. Inc*., 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999).  Therefore, it is clear that the Court is authorized to dismiss Debtors' Chapter 11 case a upon a showing of cause.

10.

The legislative history of § 1112(b) indicates that the court has wide discretion to use its equitable powers to dispose of a debtor's case.  H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 57878; *see also In re Preferred Door Co*., 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) rests in the sound discretion of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded wide discretion under Section 1112(b)); *Albany Partners*, 749 F.2d at 674.  For reasons more fully explained below, the Court should use its grant of broad authority to dismiss Debtors' Chapter 11 case.

11.

In this case, all Debtors' collateral is subject to liens held by secured creditors who have either already been granted relief from stay or who are in the process obtaining stay relief. The Debtors are no longer operating their businesses. Debtors have commenced an orderly wind down of their businesses pursuant to an agreement with their three largest

secured creditors.  In short, there is nothing left to reorganize.

12.

Debtors are current on their U.S. Trustee Fees. If it is determined that Debtors are not current, Debtors will pay the appropriate funds to the U.S. Trustee to have its cases dismissed pursuant to this Motion.

13.

Bankruptcy Rule 1017(a), through Rule 2002(a)(4), requires 21 days notice of a hearing on dismissal of the case. Debtors will provide notice of the Motion and hearing set by this Court by regular mail to all creditors and parties in interest in this case.  Debtors submit that such notice is adequate and appropriate under the circumstances.

WHEREFORE, Debtors pray that this Court enter an order granting the Motion to Dismiss, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of August, 2019

/s/
Will B. Geer
GA Bar #940493
Attorney for Debtors
Wiggam & Geer, LLC
50 Hurt Plaza, SE
Suite 1245
Atlanta, GA 30328
Phone: 678-587-8740
Fax: 404-287-2767
wgeer@wiggamgeer.com